CAROL MATTHAU, Appellant, *v.* WILLIAM SAROYAN, Respondent.

First Department, June 17, 1965.

*Arnold R. Krakower* of counsel (*Isidore A. Seltzer* with him on the brief), for appellant.

*Alan M. Fenner* for respondent.

*Per Curiam.* Plaintiff, former wife of the defendant, sues on a separation agreement for installments in default. The payments are for the support of the children of the parties. There is no dispute as to the amount ($20,800) or that it is called for by the agreement. The controversy centers around

two setoffs allowed by the court. As to these also there is no factual dispute.

The separation agreement provides that within one year from its date the defendant should make a down payment in the sum of $1,500 on a home to be selected by the wife. Title to the home was to be in the name of the wife as trustee for the children. The home was not to be sold so long as the wife resided there with the children. In the event the home was sold by the wife she was obligated to use the proceeds to buy another home for herself and the children. In the event this latter provision was not feasible the wife was obligated to retain the funds received from the sale for the use and benefit of the children and, upon their reaching maturity, to turn over any balance remaining to them.

The husband's performance under this clause of the agreement far exceeded his obligation. He made a down payment of $5,000 and later paid off mortgages on the home amounting to $15,000. The record reveals no agreement or conditions in regard to these payments.

Prior to the institution of the suit the plaintiff wife placed a $10,000 mortgage on the home, receiving the proceeds from the lender. She and the children ceased to occupy the house and instead rented it to a third person. She collected some $12,500 in rentals. It is these sums that constitute the setoffs pleaded by defendant and allowed by Trial Term.

We believe the allowance of these setoffs to be error. The agreement plainly provides that the home is a trust *res* for the benefit of the children. Whether the wife as trustee had a right to mortgage or lease as distinct from selling it, is a matter of no significance in this proceeding. Nor is it significant that defendant's contribution to the value of the home exceeded his obligation in that respect. What he did was to increase the corpus of the trust without in any way providing that such increase was instead of his obligation for current support. The trust is in addition to, and not in lieu of, the support provided for in the separation agreement. Of course, the moneys realized by the wife are not her property but are subject to the trust, and she is accountable for them.

The judgment for the defendant should be vacated on the law and the facts and judgment directed in favor of the plaintiff for $20,800 and appropriate interest and costs, and the costs and disbursements of this appeal.

BOTEIN, P. J., BREITEL, McNALLY, EAGER and STEUER, JJ., concur.

Judgment vacated on the law and on the facts, with $50 costs to appellant, and judgment directed in favor of plaintiff for $20,800 and appropriate interest and costs. Settle order on notice.